**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 3, 2019

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2076

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 17 CR 50051-1 |
| TERESA L. JOHNSON, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

Teresa Johnson, a collections officer for a stereo company, pleaded guilty to wire fraud after embezzling over two million dollars from her employer. *See* 18 U.S.C. § 1343. The plea agreement provided that Johnson would repay the amount she had stolen, less the amount that the company already had recovered. At sentencing, however, the parties forgot to deduct the recovered funds from the restitution amount, and, as a result, the district court ordered Johnson to pay more than what she owed. We agree

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

with the parties that the restitution order is plainly erroneous, so we vacate and remand for further proceedings.

As a collections officer, Johnson directed customers to send installment payments to her personal bank account, defrauding her employer out of about $2.2 million. She used most of this money to purchase and care for 60 Gypsy horses. Pursuant to a civil judgment, Johnson surrendered the horses to the stereo company, which sold them for about $170,000 but incurred costs for their care and sale.

Johnson pleaded guilty to one count of wire fraud, and in the plea agreement, she acknowledged that she owed restitution in the amount of $2,204,508.52 minus any credit funds paid to the company prior to sentencing. Drawing from the plea agreement, the presentence investigation report recommended a restitution order for $2,031,599.99, which represented the net loss, less the amount the stereo company already had recovered. At sentencing, however, the parties expressly, but mistakenly, agreed that Johnson still owed $2,204,508.52, so the district court ordered restitution in that amount.

On appeal, the government confesses error and joins Johnson in requesting that we vacate the restitution order even though Johnson expressly agreed to the amount it reflects. We understand the government, in agreeing to plain-error review, to be waiving its possible waiver defense. *See United States v. Adigun*, 703 F.3d 1014, 1021–22 (7th Cir. 2012). We do not have to accept this waiver, *see United States v. Combs*, 657 F.3d 565, 571 (7th Cir. 2011), but we will. The government has not "proffer[ed] any strategic justification" for Johnson's agreement to repay an amount exceeding what she owed, and we ourselves cannot "conceive of any strategic reason" for it, so we assume forfeiture. *United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017) (quoting *United States v. Anderson*, 604 F.3d 997, 1001–02 (7th Cir. 2010); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005)). We will therefore review the order for plain error, and reverse if we find an error that is clear and affects Johnson's substantial rights. *United States v. Olano*, 507 U.S. 725, 732–34 (1993); *United States v. Burns*, 843 F.3d 679, 685–87 (7th Cir. 2016).

The restitution miscalculation is a plain error (though, we note, the error lies with the parties). Under the Mandatory Victims Restitution Act, wire-fraud victims may "recover the full amount of their losses, but nothing more." *United States v. Walker*, 746 F.3d 300, 308 (7th Cir. 2014) (quoting *United States v. Newman*, 144 F.3d 531, 542 (7th Cir. 1998)); *see also* 18 U.S.C. § 3663A(a)(1), (b)(1)(B), (c)(1)(B). At the time restitution was entered, the victim here had recovered $170,000 that was not deducted from the

total loss of $2.2 million. The restitution order, therefore, reflected a clear miscalculation that affected Johnson's substantial rights because it obligated her to pay more than what she owes. *See Burns*, 843 F.3d at 689.

Johnson next requests that we direct the district court to address on remand three more issues: (1) whether the company's horse-care expenses should have been added to the restitution amount, (2) whether a $500,000 insurance payment to the company requires shifting Johnson's liability for that amount to the insurer, and (3) whether the company obtained cash from Johnson that should further decrease the restitution amount. Johnson did not raise any of these issues in the district court and makes no effort on appeal to argue that she forfeited, rather than waived, the arguments. Nor does she assert that the plain-error standard is met even if it applies. But because the government does not object, and we have already decided to remand, we will leave it to the district court's discretion whether to address these issues.

We therefore VACATE the judgment and REMAND the case for the sole purpose of redetermining the amount of restitution.